# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. BECKLEY, | ) Case No. CV 17-4495-GW (JPR) |
| Plaintiff, | ) |
| v. | ) ORDER ACCEPTING FINDINGS AND ) RECOMMENDATIONS OF U.S. ) MAGISTRATE JUDGE |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) |
| Defendant. | ) ) |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, Joint Stipulation, Administrative Record, and all other records on file as well as the Report and Recommendation of U.S. Magistrate Judge. On September 18, 2018, Plaintiff filed objections to the R. & R. Defendant filed a response on October 3. The Court has made a de novo determination of those portions of the R. & R. to which Plaintiff objected.

Plaintiff objects to the ALJ's observation — and the Magistrate Judge's citing of it — that few of chiropractor Stone's treatment notes were in the record to substantiate the functional limitations he assessed for Plaintiff. (Objs. at 2 (citing R. & R. at 46).) He asserts that "[i]f the treatment

1

notes were needed, the ALJ should have addressed this issue at the time of the hearing in accordance with his duty to develop the record." (Id.)  But as Defendant notes (Resp. at 2-3), "[a]n ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate for proper evaluation of the evidence" (id. (citing Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001)).  There was nothing ambiguous or inadequate about the record here; it clearly showed that Dr. Stone's opinions were rendered years after the date last insured and were inconsistent with the other evidence of record, as the ALJ and the Magistrate Judge both explained.  (See R. & R. at 42-47 (discussing ALJ's rejection of Stone's opinions).)

Plaintiff further contends that "the opinion of a non-examining doctor cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining or a treating physician."  (Objs. at 3.)  Assuming that is true, the rule has no application in this case, where, as the Magistrate Judge noted, no treating or examining doctor issued a relevant opinion at all, much less one inconsistent with the state-agency doctors'.  (R. & R. at 42.)  Contrary to Plaintiff's assertion, treating-doctor Sherman never offered an opinion on Plaintiff's functional limitations.  The only thing in the record from him were a few treatment notes, repeating diagnoses and prescriptions other doctors had already made without indicating the diagnoses' severity or effect on Plaintiff's ability to function.  (See R. & R. at 48-49 (discussing Dr. Sherman).)  Moreover, as the Magistrate Judge noted, those treatment notes were from after the date last insured.  (Id.)

As Plaintiff notes, the Magistrate Judge further found that to the extent the ALJ failed to consider Dr. Sherman's treatment notes, the error was harmless because he didn't render an opinion in them and they postdated the date last insured. (Objs. at 4 (citing R. & R. at 48-49).) But he misrepresents the holding of <u>Marsh v. Colvin</u>, 792 F.3d 1170, 1172 (9th Cir. 2015) — in which the Ninth Circuit considered an ALJ's failure to discuss a treating doctor's opinion in his decision — when he alleges that that case holds that a "district court may not find harmless error by 'affirming the agency on a ground not invoked by the ALJ.'" (Objs. at 4 (internal alterations omitted).) Indeed, such a rule would not even make sense: if the error was failing to address a doctor's opinion or treatment notes at all, then any finding of harmlessness would necessarily rest on a reason not expressly invoked by the ALJ. Rather, <u>Marsh</u> holds that the finding of harmlessness cannot "contradict the determination of the ALJ," and here it didn't: harmlessness was based on reasons cited by the ALJ throughout his decision.

Finally, Plaintiff takes issue with several of the reasons the ALJ gave for discounting his credibility. (Objs. at 5-7.) But as the Magistrate Judge noted (R. & R. at 24, 32), in the opening portion of the Joint Stipulation he challenged only the ALJ's conclusion that his activities of daily living were inconsistent with his allegations of functional limitations; he never challenged the ALJ's other stated reasons (<u>see generally</u> J. Stip. at 15-17). He may not do so now. <u>See</u> <u>Willens v. Berryhill</u>, 709 F. App'x 867, 868 (9th Cir. 2017) (declining to consider issue raised for first time in reply brief); <u>Spendlove</u>

3

v. Comm'r of Soc. Sec. Admin., No. CV-17-08157-PCT-DGC, 2018 WL 3633744, at *7 n.3 (D. Ariz. July 31, 2018) (declining to consider argument Plaintiff made in regard to ALJ's credibility determination because it was raised for first time in her reply brief).[1] In any event, as the Magistrate Judge explained (see R. & R. at 24-36), most of those reasons were clear and convincing.[2]

Having reviewed the record, the Court concurs with and accepts the Magistrate Judge's recommendations. IT THEREFORE IS ORDERED that judgment be entered affirming the Commissioner's decision and dismissing this action with prejudice.

DATED: February 8, 2019

_____
GEORGE H. WU
U.S. DISTRICT JUDGE

---

[1] One of those additional reasons was the gaps in Plaintiff's treatment history. (See AR 21.) Plaintiff complains that "[t]he issue of gaps in treatment was not raised with the claimant at the time of the hearing." (Objs. at 6.) But the time to complain about that was in the opening-brief portion of the Joint Stipulation. Despite the ALJ's clear reliance on that reason as one of his bases for discounting his credibility, Plaintiff did not challenge it until his reply portion of the Joint Stipulation, after Defendant pointed out the omission.

[2] Plaintiff complains about the Magistrate Judge's (and, presumably, the ALJ's) reliance on SSR 96-7p because it was "rescinded and replaced with SSR 16-3p." (Objs. at 6.) But the Magistrate Judge so noted and appropriately recognized that because the decision in this case was rendered before SSR 16-3p went into effect, SSR 96-7p governed. (R. & R. at 7 n.4.) In any event, as Defendant states (Resp. at 4), Plaintiff misrepresents the differences between the two. For the reasons Defendant gives (see id.), the new policy statement does not require an ALJ to "make every reasonable effort to obtain additional information that could shed light on the credibility of the individual's statements" (Objs. at 6); it so requires only when additional information "is needed to assess the crediblilty of the individual's statements," and here the ALJ offered several appropriate reasons to discount Plaintiff's statements and had no need for more information (see Resp. at 4).

4